## DULANEY v. TONNAR.

### [86 South. 373.]

1. APPEAL AND ERROR. *Court has power to grant stenographer extension of time to complete transcript not exceeding 30 days' additional time.*

   Under chapter 145, Laws of 1920, the provision, "If the stenographer finds that he will not be able to complete his transcript of the notes in any case within the time prescribed by law, he may apply to the Supreme Court for an extension of time, which court may for good cause shown, grant such extension, not exceeding thirty days' additional time, as the court may deem consistent with justice," the court has no power to allow more than 30 days in addition to the 60 days allowed by law.

2. APPEAL AND ERROR. *Application of stenographer for extension of time to transcribe notes must be made within time.*

   The application by a stenographer for an extension of time in which to transcribe and file his notes must be filed before the time allowed by law or by the court has expired, and the court cannot allow an application not so filed.

Proceedings between C. H. Dulaney and B. Tonnar, wherein the court stenographer petitioned for an extension of time within which to transcribe and file stenographer's notes. Petition denied.

No brief of counsel on either side found in this case.

ETHRIDGE, J., delivered the opinion of the court.

This is a petition by the court stenographer for an extension of time in which to transcribe and file his stenographic notes in the above-styled cause. The petition sets forth that the notice to transcribe the notes was given on the 14th day of July, 1920, and that the judgment was rendered on the 12th day of July, 1920, and that the petitioner had heretofore applied for a thirty-day extension of time to this court; that it was impossible for him to commence work on the record in this case because from the 20th day of September, 1920, until the present time he

has been under treatment by a physician with instructions from said physician not to use his eyes in the detail preparation of work of the character necessary in the preparation of a record for this court. The petition is accompanied by a certificate from the physician that it was neither advisable nor possible to do more than a very small amount of eyework on account of the condition of the stenographer's eyes.

The law bearing on this subject was amended at the 1920 session of the legislature by the enactment of chapter 145, Laws of 1920, and the power of this court to grant an extension of time is contained in the following language:

"797 (b) Extension of time.—If the stenographer finds that he will not be able to complete his transcript of the notes in any case within the time prescribed by law, he may apply to the supreme court for an extension of time, which court may for good cause shown, grant such extension, not exceeding thirty days' additional time, as the court may deem consistent with justice."

Under this section the power of this court is limited to granting not exceeding thirty days' additional time after the expiration of the sixty days allowed by the preceding portion of chapter 145, Laws of 1920. This is a limitation upon the power of the court to grant any additional extension of time. Counting the sixty days from July 14, 1920, plus the thirty days which this court is authorized to allow, will show that the time had already expired before October 25, 1920, when the present petition was filed in this court. The motion is subject to a further objection that the application was not filed within the time allowed the stenographer to transcribe his notes. The application of a stenographer for an extension of time in which to transcribe and file his notes should be filed before the statutory period allowed him by law to transcribe his notes has expired. Whatever may have been the reason that influenced the legislature to place the limitation upon the power of this court, it is clear that the limitation has been

so placed and, consequently, the application cannot be allowed.

The motion is accordingly overruled.

*Overruled.*